IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOWARD W. CANTRELL, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-711-SDJ-KPJ |
| BANK OF AMERICA, NA, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On July 13, 2021, the Court held a Rule 16 management conference (the "Conference"), during which the Court queried the parties on pending state court litigation and whether the Court should stay this case under the doctrine of abstention. *See* Dkt. 20. Upon consideration, the Court finds abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), is proper and hereby **STAYS** this case in its entirety.

**I.   BACKGROUND**

Plaintiff Howard W. Cantrell, Jr. ("Plaintiff") allegedly owes an approximate total of $38,000 on two different credit cards. *See* Dkt. 1. On April 3, 2019, Defendant Bank of America, NA ("BANA") initiated two lawsuits against Plaintiff in Collin County Court at Law No. 5—one lawsuit for each credit card. *See Bank of Am., NA v. Cantrell*, No. 005-01044-2019, Orig. Pet. (Collin County, Tex. Ct. at Law No. 5, April 3, 2019) ("*Cantrell I*"); and *Bank of Am., NA v. Cantrell*, No. 005-01045-2019, Orig. Pet. (Collin County, Tex. Ct. at Law No. 5, April 3, 2019) ("*Cantrell II*"). Currently, both *Cantrell I* and *II* are set for a jury trial, to be conducted on August 26, 2021.

On August 26, 2020, Plaintiff, proceeding *pro se*, initiated a lawsuit against BANA in the 471st Judicial District Court of Collin County, Texas, which concerns the same credit card debts in *Cantrell I* and *II*. *See* Dkts. 1, 1-2. BANA then removed the action to this Court. *See* Dkt. 1. In this federal lawsuit, Plaintiff alleges the following: Although Plaintiff owed money under the two credit cards, the credit card agreements were superseded by two "Debt Settlement Agreements." Dkt. 10 at 2. Plaintiff alleges he submitted two checks in the amount of $100 to BANA—one check for each credit card—and such checks included a Debt Settlement Agreement printed on the back. *See id.* at 2–4. The Debt Settlement Agreements allegedly provide that if BANA accepts the checks, BANA does so on the condition that the underlying credit card debts are discharged, and if BANA does not discharge the debts, BANA must pay liquidated damages in the amount of $1,000,000. *See id.* at 2–4. Plaintiff alleges BANA accepted the checks, but did not discharge the remaining balance owed on the credit cards. *See id.* at 5. Plaintiff now sues BANA, alleging breach of contract. *See id.* at 8–9. Because each Debt Settlement Agreement contains a liquidated damages clause of $1,000,000, Plaintiff seeks $2,000,000 in damages. *See id.* at 10.

BANA filed a Motion to Dismiss (Dkt. 13), to which Plaintiff filed a response (Dkt. 14), BANA filed a reply (Dkt. 15), and Plaintiff filed a sur-reply (Dkt. 17). On July 13, 2021, the Court held the Conference, during which it queried the parties as to whether the Court should abstain from proceeding further in light of the pending state court proceedings. *See* Dkt. 20. Plaintiff represented that in the state court proceedings, he is arguing that his Debt Settlement Agreements precluded BANA from prevailing on its breach of contract claims against him. *See id.* Plaintiff stated he only raised the Debt Settlement Agreements as a defense, rather than a counterclaim, as the County Court at Law only has jurisdiction to hear claims involving a certain amount in controversy. *See id.* If Plaintiff asserted a counterclaim alleging entitlement to $1,000,000 for each

Debt Settlement Agreement, he would divest the County Court at Law of jurisdiction over BANA's lawsuit against him. *See id.*

## II. LEGAL STANDARD

Under certain circumstances, a district court may decline to exercise or postpone the exercise of jurisdiction in deference to parallel litigation pending in a state court. *See Colorado River*, 424 U.S. at 813; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–16 (1983). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. District courts must point to "exceptional circumstances" to justify staying or dismissing federal proceedings. *See Moses H. Cone*, 460 U.S. at 14. Discretion to abstain or stay a case under *Colorado River* is "available only where the state and federal proceedings are parallel—that is, where the two suits involve the same parties and the same issues." *See American Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

While the Supreme Court "has not prescribed a hard and fast rule governing the appropriateness of *Colorado River* abstention," it has set forth six factors for district courts to consider: (1) whether either court has assumed jurisdiction over a res, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether and to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state court proceedings in protecting the rights of the party invoking federal jurisdiction. *Vertical Holdings, LLC v. LocatorX, Inc.*, No. 3:20-cv-2770, 2021 WL 268822, at *2 (N.D. Tex. Jan. 27, 2021) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)).

The district court's decision to abstain is reviewed for abuse of discretion. *See Black Sea*, 204 F.3d at 649–50. To the extent the district court's decision turns on an interpretation of law, such decisions are reviewed *de novo*. *Id.*

### III.  ANALYSIS

#### A.  JURISDICTION OVER A RES

Because there is no exercise of jurisdiction over a res, this factor weighs against abstention. *See Vertical Holdings*, 2021 WL 268822, at *3 (citing *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006)).

#### B.  RELATIVE INCONVENIENCE OF THE FORA

This consideration "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Because the federal forum and state forum both lie in Collin County, Texas, there is no relative inconvenience. This factor weighs against abstention. *See Black Sea*, 204 F.3d at 650.

#### C.  PIECEMEAL LITIGATION

"The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Id.* at 650–51 (italics original). As the Fifth Circuit has noted, there is a difference between piecemeal litigation and duplicative litigation. *See Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012). Piecemeal litigation does not involve "the worry of obtaining conflicting judgments in parallel actions involving the same parties and the same questions. The remedy for conflicting judgments is not abstention, but the application of *res judicata*." *Aptim Corp. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018) (citing *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002)).

Here, the litigation in *Cantrell I* and *II* and this Court involve the same facts and nearly identical legal issues. At issue in the state court proceedings is whether Plaintiff breached his contracts to pay off his credit card debt owed to BANA, and whether such agreements are still enforceable in light of the Debt Settlement Agreements. The legal questions before this Court are slightly different. At issue is whether the Debt Settlement Agreements are valid and enforceable contracts, whether BANA is in breach of these contracts, and whether the liquidated damages clause should be given effect. *See also Advance Tank & Constr. Co. v. City of DeSoto*, 737 F. Supp. 383, 384 (N.D. Tex. 1990) ("Under Texas law, a liquidated damages provision will be enforced when the court finds that (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages is a reasonable forecast of just compensation.") (citation omitted).

The Court finds there is a risk of piecemeal litigation. To be sure, the state court proceedings and this proceeding concern the validity of the Debt Settlement Agreements. Requiring the parties to litigate this issue would be duplicative, not piecemeal. However, what is not at issue in the state court proceedings is whether Plaintiff can collect any damages, let alone $2,000,000 in liquidated damages. Further, what is not at issue in this proceeding is whether BANA is entitled to any damages. BANA has only filed a motion to dismiss, and, to date, BANA has not asserted a counterclaim against Plaintiff in this Court.

Because neither Collin County Court at Law No. 5 and this Court have all the legal claims and defenses before it, there is a risk of piecemeal litigation. This factor weighs in favor of abstention. *See Black Sea*, 204 F.3d at 650–51.

### D.  ORDER IN WHICH JURISDICTION WAS OBTAINED

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Whereas both *Cantrell I* and *II* are slated for a jury trial next month, this federal action is only in its procedural infancy. There is a pending motion to dismiss, the parties have only exchanged initial disclosures, and the Court has not yet entered a scheduling order. *See* Dkts. 13, 19, 20. This factor heavily weighs in favor of abstention. *See Vertical Holdings*, 2021 WL 268822, at *3–4 (finding factor weighed strongly in favor of abstention where, in the state court proceeding, the parties had engaged in discovery, filed dispositive motions, presented multiple oral arguments, and the state court issued orders addressing the underlying merits, whereas the federal court proceeding had not yet commenced discovery).

### E.  FEDERAL LAW PROVIDING RULE OF DECISION

Where an action only involves state law and there is no federal question involved, this factor weighs neutrally. *See Black Sea*, 204 F.3d at 651; *Vertical Holdings*, 2021 WL 268822, at *4. Here, only Texas contract law is at issue, which leads this factor to weigh neutrally. *See id.*

### F.  ADEQUACY OF STATE COURT PROCEEDINGS

"The sixth factor, evaluating the adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction, can only be neutral or weigh against abstention." *Aptim Corp.*, 888 F.3d at 139. The Court sees no reason to doubt the state court's ability to determine the legal questions at issue. Accordingly, this factor is neutral.

Thus, two factors weigh against abstention, two factors weigh in favor of abstention, and two factors weigh neutrally. The Court affords the first two factors weighing against abstention—jurisdiction over a res and the inconvenience of the fora—little weight. The Court affords the

second and third factors weighing in favor of abstention—the avoidance of piecemeal litigation and the progress made in the state litigation—great weight. The Court affords the two neutral factors—whether federal law is at play and the adequacy of the state court proceedings—no weight. On balance, the factors weigh in favor of abstention.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the state and federal actions are parallel and the *Colorado River* factors favor abstention.

Therefore, **IT IS ORDERED** that this case be **ADMINISTRATIVELY CLOSED** during the pendency of the state court litigation in *Bank of Am., NA v. Cantrell*, No. 005-01044-2019, Orig. Pet. (Collin County, Tex. Ct. at Law No. 5, April 3, 2019) and *Bank of Am., NA v. Cantrell*, No. 005-01045-2019, Orig. Pet. (Collin County, Tex. Ct. at Law No. 5, April 3, 2019). The Clerk of Court is directed to administratively close this case and remove it from the Court's active docket.

**IT IS FURTHER ORDERED** that the parties shall file a notice with the Court no later than fourteen (14) days after the conclusion of the state court proceedings.

Upon this matter's reopening, the parties shall be permitted to refile such motion once this case is reopened and placed on the Court's active docket.

**So ORDERED and SIGNED this 19th day of July, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE